NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT C. SUNDT, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 12-cv-0257 (DMC) (MF) |
| TELCORDIA TECHNOLOGIES, INC., et al., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Defendants Telcordia Technologies, Inc. ("Telcordia"), the Telcordia Technologies, Inc. Departmental Benefits Committee (the "DBC"), the Telcordia Technologies, Inc. Employee Benefit Committee (the "EBC") and the Telcordia Technologies Pension Plan (the "Plan") (collectively "Defendants") to Dismiss Plaintiff Robert C. Sundt's ("Plaintiff") Amended Complaint (Jan. 25, 2013, ECF No. 26). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants Motion is **granted**.

I.  BACKGROUND[1]

This action involves a dispute over the amount of the pension payments being made to Plaintiff by Defendants as part of Plaintiff's retirement pension under the Plan.

Plaintiff was employed in the telecommunications industry for thirty-five (35) years

---

[1] The facts are taken from this Court's previous November 14, 2012 Opinion (Sundt v. Telcordia Technologies, Inc., No. 12-cv-257 DMC MF, 2012 WL 5522899 (D.N.J. Nov. 14, 2012) ("Sundt I") and the parties' submissions.

1

beginning in 1964. Plaintiff was employed by Telcordia from 1994 until December 22, 2001. Between 1964 and 1994, Plaintiff was employed by other telecommunications entities, including Pacific Bell Telephone Company ("Pacific Bell"). Pacific Bell and the other telecommunications entities form a "controlled group," as defined in the Internal Revenue Code, with Telcordia. In 1995, Plaintiff received a $425,222.85 lump sum payment from Pacific Bell's pension plan for his time of employment with Pacific Bell from 1964 until 1994.

During the latter part of 2001, Telcordia advised Plaintiff and other members of the department where he was then employed, that it intended to reduce the department's headcount by one. Telcordia made an inquiry as to whether any employee working in the department was interested in giving up his or her employment. Plaintiff, who was then 59 years of age, responded by requesting information regarding the retirement benefits to which he was then entitled from the Plan. In response to the request, Defendants informed Plaintiff that if he retired at that time, he would be entitled to receive a monthly life annuity in the amount of $5,091.75, and that this monthly benefit would be payable immediately following his retirement in December 2001. On the basis of the information provided to him by the Defendants, Plaintiff concluded that he could afford to retire in December 2001. Defendants then provided Plaintiff with additional documents, including a retirement application form, confirming that $5,091.75 was the amount of the monthly annuity payments that Plaintiff was entitled to receive. Plaintiff completed and returned the application form in order to retire and begin receiving retirement benefits from the Plan.

Plaintiff retired on December 22, 2001, and from that date until March 31, 2010, the Plan paid Plaintiff a monthly pension benefit of $5,091.75. In a letter dated March 31, 2010, Defendants informed Plaintiff that: (i) the information they had provided to Plaintiff on and

before December 2001 regarding the amount of monthly retirement benefits to which he was then entitled was inaccurate; (ii) the pension benefit Plaintiff had been receiving had been miscalculated; (iii) the correct amount of Plaintiff's monthly pension benefit is $971.48, and (iv) Defendants intended to reduce Plaintiff's monthly benefit to this lower amount effective April 30, 2010. Plaintiff has been receiving $971.48 per month since that date. Telcordia and other entities that emerged from the AT&T breakup, including Plaintiff's prior employer, Pacific Bell, are parties to a Mandatory Portability Agreement ("MPA") under which each entity is required to take into account the service of employees, such as Plaintiff, who migrate between or among them. Thus, Plaintiff's retirement benefit from Telcordia was based on his aggregate service with Pacific Bell and Telcordia. Defendants should have offset the monthly payment to reflect the $425,222.85 lump sum payment that Plaintiff received in 1994 from the Pacific Bell plan.

Since receiving notice of the change in monthly pension payments, Plaintiff has contacted members of Telcordia responsible for retirement benefits administration in an effort to appeal this determination and have his monthly payments returned to $5,091.75.

On January 2012, Plaintiff filed the initial complaint in this action, which asserted claims for recovery of plan benefits under ERISA § 502(a)(1)(B), claims for breaches of fiduciary duty under ERISA § 502(a)(2) and (a)(3), and a claim for equitable estoppel under ERISA § 502(a)(3) (ECF No. 1). On March 9, 2012, Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11).

On November 14, 2012, this Court issued an opinion dismissing Plaintiff's initial complaint. The Court dismissed with prejudice Plaintiff's claims for recovery of plan benefits under ERISA § 502(a)(1)(B) and for breaches of fiduciary duty under ERISA § 502(a)(2) and § 502(a)(3). The Court dismissed without prejudice Plaintiff's claim for equitable estoppel under

ERISA § 502(a)(3) because Plaintiff failed to plead "extraordinary circumstances," which is a required element of an equitable estoppel claim. See Sundt I at *5. As the Court held, "[t]he facts asserted by Plaintiff in the Complaint unsuccessfully attempt to demonstrate either a network of misrepresentations by Defendants or that Plaintiff was particularly vulnerable in order to satisfy the extraordinary circumstances prong enumerated" by the Third Circuit. Id.

Plaintiff filed an Amended Complaint on December 14, 2012 (ECF No. 22). The new factual allegations in Plaintiff's Amended Complaint relate to the evaluation Plaintiff undertook in December 2001 in determining whether to retire, and allegations about Plaintiff's financial circumstances subsequent to retiring. (Id.).

Defendants moved to dismiss Plaintiff's Amended Complaint on January 25, 2013 (ECF No. 26, "Def.'s Br."). Plaintiffs filed a Memorandum in Opposition on February 25, 2013 (ECF No. 29, "Pl.'s Opp'n Br."). Defendants filed a Reply Brief on March 29, 2013 (ECF No. 30, "Def.'s Reply").

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's

complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

### III. DISCUSSION

Plaintiff is seeking equitable relief pursuant to ERISA § 502(a)(3) under a theory of equitable estoppel. "To establish a legally sufficient cause of action for equitable estoppel, a plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." Sundt I at *5 (citing Pell v. E.I. DuPont De Nemours & Co., 539 F.3d 292, 300 (3d Cir. 2008)). "Extraordinary circumstances exist where there are affirmative acts of fraud, where there is a network of misrepresentations over an extended course of dealing, or where plaintiffs are especially vulnerable." Id. (citations and quotations omitted).

Defendants argue that Plaintiff's Amended Complaint fails to plead "extraordinary circumstances," a network of misrepresentations over an extended course of dealings, or facts establishing that he was especially vulnerable at the time of Defendants' alleged misrepresentations. (Def.'s Br. 2).

The Court agrees with Defendants that Plaintiff has failed to plead extraordinary circumstances. While the Court is sympathetic to the unfortunate circumstances surrounding Plaintiff's retirement payments, Plaintiff has failed to plead an affirmative act of fraud, a network

of misrepresentations over an extended course of dealing, or that Plaintiff was especially vulnerable that would give rise to a claim of equitable estoppel. Plaintiff's Amended Complaint, while alleging some new facts surrounding Plaintiff's reliance on Defendants' mistaken benefit calculation, does not sufficiently allege that Plaintiff was especially vulnerable at the time. Additionally, as stated in Sundt I, the recirculation of the same pension benefit calculation is not a network of repeated misrepresentations. See Gramm v. Bell Atlantic Mgmt., 983 F. Supp 585 (D.N.J. 1997) (employee could not show extraordinary circumstances based on "repeated misrepresentations" where he was given the same mistaken pension benefit calculation multiple times). Thus the Court dismisses Plaintiff's equitable estoppel claim with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to dismiss is **granted with prejudice**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: August 20, 2013
Original: Clerk's Office
cc: Hon. Mark Falk, U.S.M.J.
      All Counsel of Record
      File

6